Ricardo **NEWBALL**, Plaintiff-Appellee,

v.

**OFFSHORE LOGISTICS INTERNATIONAL**, Defendant-Appellant.

No. 85–4489.

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1986.

Deutsch, Kerrigan & Stiles, Ralph E. Smith, New Orleans, La., for defendant-appellant.

John R. Sutton, South Miami, Fla., for plaintiff-appellee.

Before JOLLY, HILL, and JONES, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

This appeal involves whether the district court, following a prior appeal of this case and affirmance by this court of the district court's conditional dismissal order, erred when it modified the conditional dismissal. The court modified the dismissal by extending the time limit for the plaintiff to file suit in an alternative forum after more than one year had elapsed since the entry of the conditional order of dismissal. We find initially that we have jurisdiction over this appeal to review the district court's denial of the defendant's motion to recall the modification order and denial of the defendant's motion to dismiss this case. We further find that the district court reacquired jurisdiction over this case following our prior affirmance, but that the court at the time it entered its modification order lacked the authority to do so. Accordingly, we reverse the district court and remand for the entry of an order of dismissal.

I.

Ricardo Newball, a resident of Columbia, was a member of the crew of the M/V INTREPID, a vessel flying the Panamanian flag and owned by Offshore Logistics International, Inc., a Panamanian corporation which was in turn owned by the Louisiana corporation Offshore Logistics, Inc. (both corporations are collectively referred to as "Offshore"). While the INTREPID was under charter to a Brazilian company and operating in Brazilian waters, Newball suffered an injury to his leg when he became entangled in a dropping anchor chain. Newball filed suit in the Western District of Louisiana against Offshore and other parties, alleging claims for Jones Act negligence, unseaworthiness, and maintenance and cure.

On March 22, 1984, the district court issued a conditional order of dismissal on the ground of forum non conveniens, holding that United States law did not apply to Newball's case. The order stated that "dismissal of this action is conditioned as follows" and then listed several requirements. Among these were that the defendants in subsequent foreign proceedings submit to

service of process and jurisdiction,[1] waive any statute of limitations defense, agree to make available certain evidence, and agree to satisfy any final judgment. The order continued by listing additional conditions:

F. And that should defendants fail to promptly meet any of these conditions, the Western District of Louisiana will resume jurisdiction over the case.

G. This order of dismissal can be made final by defendants:

 a. If plaintiffs do not file suit in ... the courts [of Panama, Columbia, or Brazil] within ninety (90) days after this order; or

 b. If the case is timely filed, plaintiffs have complied with all of the conditions of this order and the foreign court where suit has been filed has not declined jurisdiction. [If the foreign courts decline jurisdiction] the case may be reopened by plaintiffs in the district court....

Newball appealed the March 22 order, arguing that American law did apply. Newball did not move for a stay of the order here, or in the district court, or otherwise request that the ninety-day period for filing a foreign action be tolled during the appeal, nor did he file suit in a foreign court. The ninety-day period, which began on March 22, 1984, expired on June 20, 1984. This court affirmed in an unpublished opinion dated April 4, 1985, but did not specifically address the conditional nature of the order or the running of the ninety-day period. The mandate issued from this court on April 26. On May 6 Newball filed a motion in district court requesting an additional ninety days for initiating the action in Panama. On May 7 the district court ordered that Newball be given until August 10 to institute foreign proceedings. Newball states that he filed an action in Panama on August 9 and that "Panamanian counsel is actively pursuing the action."

Offshore then moved to dismiss, contending that Newball did not comply with the original ninety-day period within which to institute his foreign suit. Offshore also moved to "recall" the May 7 order extending the period. The district court denied both motions in a ruling dated June 15, 1985. The court found that "plaintiff was negligent in failing to obtain an extension of time" prior to the original deadline, but that "it would have been illogical for the plaintiff to file an action in an alternative forum during the pendency of the appeal." The court reasoned that "neither the letter nor the spirit" of Fed.R.Civ.P. 62(d) precluded the grant of an extension of the original ninety-day period. Offshore now appeals the denial of its motions.

## II.

Initially, there is a question of whether the June 15, 1985, order was appealable under 28 U.S.C. § 1291.[2] Section 1291 gives appellate courts jurisdiction of "appeals from all final decisions of the district courts." Offshore is appealing a decision which denied a motion to dismiss and denied a motion to recall a prior order granting Newball an extension of time in which to file suit in the Republic of Panama. Generally, the denial of a motion to dismiss is not a final decision under section 1291. *Fluor Ocean Services, Inc. v. Hampton*, 502 F.2d 1169, 1170 (5th Cir. 1974). Also, typically, a motion to recall a prior order will lack the finality required for appeal. *Cf. Jones & Guerro Co., Inc. v. Sealift Pacific*, 650 F.2d 1072, 1073 (9th Cir.1981) ("Ordinarily, an order vacating a previous order of dismissal is not a 'final de-

---

1. This condition stated as follows: "B. That defendants submit to service of process and jurisdiction in the appropriate court in which plaintiffs shall file suit within ninety (90) days of this order."

2. The only reference made by the parties to jurisdiction is in Newball's and Offshore's State-ment of Jurisdiction wherein they each state that jurisdiction is based on section 1291. "This court, however, has the duty to examine the basis of its jurisdiction, and by its own motion if necessary." *Koke v. Phillips Petroleum Co.*, 730 F.2d 211, 214 (5th Cir.1984). Therefore, we raise this issue *sua sponte*.

cision' appealable under 28 U.S.C. § 1291 (1976)").

The finality requirement of section 1291, however, is a flexible one. "[A]n order, otherwise nonappealable, determining substantial rights of the parties which will be irreparably lost if review is delayed until final judgment may be appealed immediately under section 1291." *United States v. Wood*, 295 F.2d 772, 778 (5th Cir.), *cert. denied*, 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1961). The *Wood* court took jurisdiction of an appeal from a denial of a temporary restraining order (TRO), ordinarily a non-final ruling, because the TRO would have been the only way to prevent state prosecution of a black voting rights activist for breach of the peace. Since the time between arrest and impending prosecution of the activist was only 15 days, the federal government's claim for injunctive relief would have been mooted without immediate appealability. *Id.* at 777. Similarly, once Offshore appears in the Panamanian court and complies with all of the conditions imposed by the district court, then its challenge to the extension of time given to Newball will be moot.

■ If this appeal were dismissed, and the proceedings with Offshore as a party were to continue to a conclusion in Panama, no further resort would be available in United States courts until the possible later enforcement of a judgment against Offshore. Notions of comity dictate that the validity of a Panamanian judgment would most likely not be affected by the extension of time given to Newball. *Cf. Cunard S.S. Co. v. Salen Reefer Services AB*, 773 F.2d 452, 456–58, 460 (2d Cir.1985); *Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1189–90 (3d Cir.), *cert. denied*, 439 U.S. 969, 99 S.Ct. 461, 58 L.Ed.2d 428 (1978); *Somportex Limited v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 440–41 (3d Cir.1971), *cert. denied*, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972). Thus, since the right to challenge the extension would effectively be lost, the June 15 order may be appealed under section 1291.

■ The "collateral order" doctrine also provides a basis upon which to appeal the June 15 order. This doctrine, established in *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 10, 103 S.Ct. 927, 934, 74 L.Ed.2d 765, 776 (1983), provides:

> To come within the "small class" of decisions excepted from the final-judgment rule by [*Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) ], the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable from a final judgment.

*Id.* at 11, 103 S.Ct. at 934, 74 L.Ed.2d at 777 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). The order here met these criteria: (1) it conclusively determines Newball's ability to avoid dismissal by granting an extension of the original ninety-day period; (2) it resolves questions independently of Offshore's negligence or unseaworthiness; and (3), as discussed above, the issues will never be effectively appealable unless this court takes jurisdiction now. Therefore, we hold that the district court's June 15 order is appealable under section 1291.

### III.

■ Offshore correctly asserts that when Newball filed a notice of appeal to challenge the March 22, 1984, conditional order of dismissal, the district court was divested of jurisdiction over matters involved in the appeal. *See United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir.1979) (en banc). Offshore further argues that because the conditional dismissal was affirmed on appeal without explicit remand the district court never reacquired jurisdiction over the case. The extension given to Newball came after the mandate of the appeal issued, and Offshore claims that it was thus void. Offshore's latter argument is incorrect.

When an appellate mandate is issued, a district court reacquires jurisdiction. *United States v. Dozier*, 707 F.2d 862, 864 n. 2 (5th Cir.1983). Thus, the issuance of the mandate provided the district court with jurisdiction to extend more time to Newball to initiate his foreign suit. Offshore also seems to suggest that the district court violated the appellate mandate. However, this is also incorrect, for our prior opinion addressed neither the conditional nature of the dismissal nor the effect of the appeal on the running of the ninety-day period. Our disposition did not prevent the district court from addressing these issues as an initial matter. A mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal. *Gulf Coast Building and Supply Co. v. Local No. 480*, 460 F.2d 105, 107 (5th Cir. 1972).

### IV.

Offshore also argues that the district court erred in extending the time in which Newball could file suit in an alternative forum. Offshore asserts that since a stay of the original ninety-day period pursuant to Fed.R.Civ.P. 62(d) pending appeal of the March 22 order was not requested or granted and Newball did not move for an extension of the time to file a foreign suit until after one year passed, the district court did not have the authority to grant Newball's motion. For the reasons set forth below, we agree and therefore reverse the district court's May 7, 1985, order extending the time Newball could file suit in an alternative forum.

First, we conclude that the March 22 conditional order of dismissal is a final decision such that upon the order being entered the time for appealing the ninety-day limit began to run. Although the language of this order suggests that it is not final until all of the conditions have been met, the finality of an order depends on its effect, not its wording. *See Koke*, 730 F.2d at 216. The *Koke* court explained its ratio-

nale for finding a particular conditional order of dismissal to be final for purposes of appeal pursuant to section 1291:

The orders in these cases do not stay the actions pending fulfillment of the conditions in the foreign forum. Rather, they dismiss the cases, leaving them open only in the sense that the court has declared its intention to resume jurisdiction in the event the conditions are not met and the appellants refile their claims. The orders do not provide for the court to reexamine the case on the merits of the issues it has determined nor to enter any further order in this regard. The conditions imposed by the district court act as conditions subsequent to the dismissals, not as conditions precedent. These orders are therefore analogous to a dismissal without prejudice. Such dismissals are clearly appealable as final orders.

*Id.* at 216–17 (footnote and citation omitted). A fair reading of the conditional dismissal here would yield a similar result. Notwithstanding the district court's language, the order indicated that the court would take no further action unless the conditions were not met. Thus the dismissal was "presently effective." *See Cuevas v. Reading & Bates Corp.*, 770 F.2d 1371, 1375–76 (5th Cir.1985).

Since the March 22 order is a final decision, in order to toll the running of the time to challenge the ninety-day period, it would have been necessary to have a Fed. R.Civ.P. 62(d) motion granted. This rule provides that:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed.R.Civ.P. 62(d). Newball did not move for such a stay, and none was granted.

Newball asserts, however, that his appeal of the March 22 order stayed the

ninety-day time limit because he could not be expected to appeal that order while simultaneously refile the suit in another forum. Such a requirement, he claims, could lead to duplicitous lawsuits resulting in an inefficient use of the court's resources. These arguments are not convincing. An appeal of an order does not have the affect of an automatic stay. To hold that an appeal of an order operates as an automatic stay of that order is contrary to rule 62(d). The rule provides that "the appellant ... *may obtain* a stay," "[t]he bond *may be given*," and "[t]he stay is effective when the supersedeas bond *is approved* by the court." Fed.R.Civ.P. 62(d) (emphasis added). This language clearly illustrates that only upon application for a stay and approval of it will any related proceedings that are still pending be stayed. Therefore, Newball's argument that the appeal stayed the ninety-day time limit is without merit.

 Similarly, his assertion that requiring him to appeal the March 22 order while also refiling the suit in another forum is duplicitous and inefficient does not convince us to hold that a stay was invoked. The best method to avoid such concerns would be to file a rule 62(d) motion. If Newball had moved for a stay, he would not have had to refile suit while appealing the March 22 order, thereby avoiding having to perform a duplicitous and inefficient act. We conclude that the time that Newball had to file suit in an alternative forum was not stayed. Accordingly, the ninety-day time period relating to the conditional dismissal ran from March 22, 1984, the date the conditional order was entered.

More than one year after the March 22 order, and long since the original ninety-day period expired, Newball filed a motion in the district court requesting an extension of time (ninety days) within which to institute suit in an alternative forum. Although the motion did not specify the grounds upon which relief was sought, at this late point the only possible challenge to the time limit would be a Fed.R.Civ.P. 60(b) motion. The district court seems to have relied upon that rule. The relief given to Newball appears to have been based upon rule 60(b)(1), which provides relief for excusable neglect.[3]

A motion under rule 60(b) relating to clause (1) must be made within one year after the judgment, order, or proceeding was entered or taken. Fed.R.Civ.P. 60(b). Since time began to run from March 22, 1984 when the conditional order of his denial was entered, and no stay pursuant to rule 62(d) was sought or granted, and Newball's motion for an extension of the original ninety-day period was not filed until more than one year later, on May 6, 1985,[4] Newball's motion for an extension of time was untimely and the district court's grant of the motion was unauthorized.

It might be argued that Newball's motion for relief could also be pursuant to rule 60(b)(6), which requires that motions based on "any other reason justifying relief from the operation of the judgment" only be made within "a reasonable time." However, "where the reason for relief is embraced in Clause (b)(1), the one year limitation cannot be circumvented by use of Clause ... (b)(6)." *Gulf Coast*, 460 F.2d at 108. Although the district court did not explicitly mention rule 60(b) in its order, it is still bound by its restrictions.

The district court's order of May 7, 1985, is REVERSED and this case is REMANDED to the district court for the entry of an order of dismissal.

---

3. Such a conclusion is based on the fact that the court found Newball "negligent" in not previously asking for an extension of time, but then excused him for this neglect.

4. The filing of the appeal of the March 22 conditional order did not toll the time limit for bringing a rule 60(b) motion. *See Goland v. Central Intelligence Agency,* 607 F.2d 339, 372 (D.C.Cir. 1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *Gulf Coast,* 460 F.2d at 108.