### Clifford M. CURTIS

v.

**INTERSTATE BRANDS CORPORA-TION, Charles A. Sullivan, Jerry T. Green and Robert T. Beers.**

**Civ. A. No. 91–353–B.**

United States District Court,
M.D. Louisiana.

Jan. 25, 1992.

**314**

Clifford M. Curtis, pro se.

Dando B. Cellini, Roger C. Linde, McGlinchey Law Firm, New Orleans, La., and Stuart M. Bompey, New York City, for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS

POLOZOLA, District Judge.

Clifford M. Curtis has filed this suit against Interstate Brands and several of its officers under the provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. He also asserts various pendant claims under state law. This matter is now before the Court on defendants' motion to dismiss and for sanctions. The plaintiff has not filed any opposition to the defendants' motions to dismiss and for sanctions. For reasons which follow, the Court finds that defendants' motion to dismiss should be granted. The motion for sanctions is denied.

Plaintiff previously filed a lawsuit in this Court in 1989 which was Civil Action 89–14–B on the Court's docket. Civil Action 89–14–B was based on the same facts which are reasserted in this complaint, with additional allegations under RICO. The Court dismissed CA 89–14–B. The Court finds that the doctrine of res judicata bars this complaint.

The doctrine of "claim preclusion" under the rules of res judicata treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." [1] When a judgment has been rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a "bar." [2] The effect of the judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. The aim of claim preclusion is to avoid multiple suits on identical entitlements or obligations between the same parties.

---

1. *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 578–79, 94 S.Ct. 806, 811–812, 39 L.Ed.2d 9 (1974); *Kaspar Wire Works, Inc. v. Leco Engineering & Mach.,* 575 F.2d 530, 535 (5th Cir. 1978).

2. *Kaspar,* 575 F.2d at 535.

Plaintiff's 1989 action named American Bakeries Company, E. Garrett Bewkes Jr., Charles A. Sullivan, Robert T. Beers and Jerry T. Greene as defendants. This complaint names Interstate Brands Corporation, Charles A. Sullivan, Jerry T. Greene and Robert T. Beers as defendants. The facts which form the basis of both complaints arise out of plaintiff's employment at Cottons Holsum Bakery in Baton Rouge, Louisiana. American Bakeries Company sold this bakery and others to Interstate Brands Corporation in 1988.

■ Four requirements must be met in order to apply res judicata: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered in a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases.[3]

■ Insofar as the first requirement is concerned, the identity of parties test is met not only as to parties to the earlier litigation, but also to those in privity with them.[4] A non-party is in privity with a party for res judicata purposes in three instances: (1) if he is a successor in interest to the party's interest in the property; (2) if he controlled the prior litigation; or (3) if the party adequately represented his interests in the prior proceeding.[5] The Court finds that Interstate Brands was the successor in interest of American Bakeries and that American Bakeries adequately represented Interstate Brands interests in the prior litigation. Therefore, the identity of parties requirement is met. It is clear from the record that the other requirements of res judicata are clearly met under the facts of this case. Since the Court has dismissed the federal claim, the Court refuses to exercise its discretion to hear the pendent state law claims.

Because plaintiff is before this Court pro se, the motion for sanctions under Rule 11

is denied. However, any claims against these parties arising out of these facts are barred by res judicata. Further actions brought by plaintiff on these same facts will result in sanctions imposed by this Court.

Therefore:

IT IS ORDERED that defendants' motion to dismiss for failure to state a claim upon which relief may be granted be and it is hereby GRANTED. Plaintiff's pending state law claims are dismissed without prejudice.

IT IS FURTHER ORDERED that defendants' motion for sanctions be and it is hereby DENIED.

Judgment shall be entered accordingly.

---

**3.** *Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 188 (5th Cir.1990); *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 559 (5th Cir.1983).

**4.** *Howell,* 897 F.2d at 188; *Lubrizol Corp. v. Exxon Corp.,* 871 F.2d 1279 (5th Cir.1989); *Drier v. Tarpon Oil Co.,* 522 F.2d 199 (5th Cir.1975).

**5.** *Howell,* 897 F.2d at 189; *Benson & Ford, Inc. v. Wanda Petroleum,* 833 F.2d 1172 (5th Cir. 1987).