**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 02-30325**

---

**JAMES P. LOGAN, JR.,**

**Plaintiff,**

**versus**

**BURGERS OZARK COUNTRY CURED HAMS INC.; ET AL.,**

**Defendants.**

---

**JAMES P. LOGAN, JR.,**

**Plaintiff-Appellant,**

**versus**

**ORIGINAL HONEY BAKED HAM COMPANY OF GEORGIA, Etc.; ET AL.,**

**Defendants,**

**ORIGINAL HONEY BAKED HAM COMPANY OF GEORGIA, doing business as**
**Honeybaked Ham Co.; HONEYBAKED FOODS INC., doing business as**
**Honeybaked Ham Co.,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(97-CV-1363)**

---

March 12, 2003

Before GARWOOD, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This appeal is from the district court's 29 January 2002 reentry of an order post-appellate mandate; it originally entered the order in May 2000, shortly after the notice of appeal was filed. At issue is whether a district court may amend an order of dismissal, more than one year after it was entered, to state the original dismissal was *with prejudice*, even though the new order follows an appellate mandate, issued after, and based upon, the appellate holding that the original dismissal was *without prejudice*. The 29 January 2002 order at issue is **VACATED**.

I.

James P. Logan holds a method patent for spirally-slicing meat. In July 1997, Logan filed a patent infringement action against Original Honey Baked Ham Company of Georgia and Honeybaked Foods, Inc. (collectively Honeybaked). To resolve the dispute, Logan and Honeybaked entered into a licensing agreement, with Honeybaked to pay royalties on spirally-sliced meat product sales. Upon Logan's learning that Honeybaked discontinued these sales, Logan reinstituted the patent infringement claim, adding breach-of-contract, fraud, and Lanham Act claims.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Trial was bifurcated, with the non-patent claims tried first. For those claims, a jury awarded damages against Honeybaked for approximately $9 million.

Logan then moved to dismiss, *with prejudice*, his pending patent claims. On 9 August 1999, those claims were dismissed; but, the order did not specify whether the dismissal was with prejudice. That same day, by separate order, the district court stated the action was "dismissed in its entirety". *Logan v. Burgers Ozark Country Cured Hams, Inc.*, No. 97-CV-1361 (W.D. La. 9 Aug. 1999) (order denying as moot motions by Honeybaked for summary judgment and by Logan to suppress). Following consideration of attorney's fees, final judgment was entered in February 2000.

Later that month, Honeybaked requested judgment as a matter of law (JMOL). Approximately two months later (19 April 2000), the district court vacated all damages awarded against Honeybaked, stating: "[Logan] has been returned to his original position *because he is able to file suit on his patent claim*". *Logan*, No. 97-CV-1361 (W.D. La. 19 Apr. 2000) (emphasis added; memorandum ruling on Honeybaked's JMOL motion). On 10 May 2000, without citing a Federal Rule of Civil Procedure granting the district court authority to do so, Honeybaked moved the court "to amend" the 19 April order to state that, the prior August, Logan's patent claims had been dismissed *with prejudice* and Logan had *not* been "returned to [his] original position".

Concerning the 19 April ruling granting JMOL to Honeybaked, and while Honeybaked's 10 May motion was pending, and unsure whether this circuit or the Federal Circuit had jurisdiction, Logan filed an appeal with each on 16 May 2000, shortly before the time to appeal lapsed. One day later, however, the district court granted Honeybaked's 10 May motion: "[T]he [19 April 1999] Memorandum Ruling will be corrected to state that [Logan] had moved to *dismiss with prejudice* his patent infringement action against [Honeybaked] and the Court had granted that motion *with prejudice*". *Logan*, No. 97-CV-1361 (W.D. La. 17 May 2000) (emphasis added; order amending 19 April 1999 memorandum ruling).

That December, the Federal Circuit, in ruling on Logan's motion to dismiss his appeal, refused to do so, based on its having jurisdiction. *Logan v. The Original Honey Baked Ham Co. of Georgia, Inc.*, No. 00-1389 (Fed. Cir. 20 Dec. 2000) (single-judge order denying Logan's motion to dismiss). Four months later, that court stayed the appeal pending resolution of the parallel appeal in our court. *Logan*, No. 00-1389 (Fed. Cir. 24 Apr. 2001) (order granting Logan's unopposed motion to stay).

And, approximately four months after that ruling (September 2001), our court held it had jurisdiction; the JMOL was affirmed. Regarding whether the dismissal had been with prejudice, our court held:

> [U]nder Federal Circuit precedent, the *key inquiry* in this case is whether the dismissal

4

of [Logan's] patent claims *was with or without prejudice....* Because the district court was without jurisdiction to enter the May 17th order [(post-notice of appeal)]and *because the correction made therein was not clerical but substantive, we find that the dismissal of the patent claims was without prejudice.* Accordingly, the Federal Circuit's precedent holding that it lacks jurisdiction over non-patent claims where patent claims are dismissed without prejudice from complaints containing multiple claims is applicable in this case. *Thus, we conclude that jurisdiction is proper in this Court, not in the Federal Circuit.*

*Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 453-54 (5th Cir. 2001) (*Logan I*; emphasis added).

Following our court's decision, and while this second appeal was pending here, the Federal Circuit, in August 2002, dismissed, for lack of jurisdiction, Logan's original May 2000 appeal. *Logan v. The Original Baked Ham Co. of Georgia, Inc.*, No. 00-1389 (Fed. Cir. 2 Aug. 2002) (unpublished order dismissing appeal). The Federal Circuit held: its earlier single-judge order did not create the law of the case; *Logan I*'s holding our court had jurisdiction in the parallel appeal was the law of the case; and the Federal Circuit would follow that *Logan I* decision, because there were no exceptional circumstances.

After our mandate for *Logan I* issued on 18 October 2001, Honeybaked moved the district court to reenter the 17 May 2000 order which had stated the patent claims dismissal was *with prejudice*. Once again, Honeybaked did not reference a Federal Rule

5

of Civil Procedure vesting the district court with authority to do so.

The district court granted the motion, however, relying on **Standard Oil Co. of California v. United States**, 429 U.S. 17 (1976). The district court concluded: it had an "inherent power and discretion to act on its own after [the] mandate issued"; the law-of-the-case doctrine did not apply because **Logan I** only held the 17 May 2000 order ineffective because the district court lacked jurisdiction; and, post-appeal, it had jurisdiction to reenter that order. **Logan**, No. 97-CV-1361 (W.D. La. 29 Jan. 2002) (memorandum ruling reentering 17 May 2000 order).

Logan again appealed to both our circuit and the Federal Circuit. The Federal Circuit heard oral argument on 7 January 2003; approximately one month later, oral argument was held in our court. As of the rendition of this opinion, the Federal Circuit has not ruled.

II.

By reentering the 17 May 2000 order, the district court violated the law of the case and, in the alternative, the Federal Rules of Civil Procedure.

As noted, the district court, in reentering the May 2000 order, relied on its "inherent power" and referenced **Standard Oil**; that opinion discusses Rule 60(b) motions. Although it did not do

6

so in district court, Honeybaked now claims Rule 60(b) grants such authority.

Generally, Rule 60(b) rulings are reviewed only for abuse of discretion. *E.g., **Edward H. Bohlin Co., Inc. v. Banning Co., Inc.***, 6 F.3d 350, 353 (5th Cir. 1993). Here, however, we are not reviewing the merits of the reentered May 2000 order; instead, we are deciding whether the district court had *authority*, post-***Logan I***, to take such action. This is a purely legal issue, reviewed *de novo*. *See, e.g., **Carter v. Fenner***, 136 F.3d 1000, 1005 (5th Cir.) (decisions under Rule 60(b)(4) reviewed *de novo* because such motions "leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not"), *cert. denied*, 525 U.S. 1041 (1998).

## A.

Logan contends: in ***Logan I***, our court held the dismissal was *without prejudice*; under the law of the case, the 17 May 2000 order, amending the dismissal to be *with prejudice*, could not be reentered post-***Logan I***. Honeybaked responds: our court only held the district court was without jurisdiction to enter the 17 May 2000 order after the first notice of appeal (16 May 2000); because the district court reacquired jurisdiction after the ***Logan I*** mandate issued in October 2001, the district court had authority to reenter the order under Rule 60(b), pursuant to ***Standard Oil***.

7

***Standard Oil***, which concerned a Rule 60(b) motion based on alleged misconduct by the Government's counsel and a material witness, 429 U.S. at 17, only decided whether, post-appellate mandate, a district court must request leave from the appeal court before ruling on a Rule 60(b) motion. The Supreme Court held it did not.

> Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with *possible later events*. Hence, the district judge is not flouting the mandate by acting on the motion.

***Id.*** at 18 (emphasis added).

This holding follows the contours of the law-of-the-case doctrine.

> While the "law of the case" doctrine is not an inexorable command, a decision of a legal issue or issues by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work manifest injustice.

***White v. Murtha***, 377 F.2d 428, 431-32 (5th Cir. 1967) (footnotes omitted). *See **Arizona v. California***, 460 U.S. 605, 618-19 (1983) (under law-of-case doctrine, when court decides rule of law, that decision continues to govern same issue, but jurisdiction retained "to accommodate changed circumstances", citing ***White v. Murtha***).

8

In other words, the district court cannot disturb the mandate, which "relates to ... issues then before the [appellate] court"; on the other hand, the district court may, of course, "deal with ... later events".  Along this line, the district court is bound by "things decided by necessary implication as well as those decided explicitly".  **Terrell v. Household Goods Carriers' Bureau**, 494 F.2d 16, 19 (5th Cir.), *cert. denied*, 419 U.S. 987 (1974).

Reentry of the 17 May 2000 order concerned an issue decided in **Logan I**.  That opinion held the district court's dismissal was *without prejudice*.  263 F.3d at 454.  This became the law of the case; the district court could not subsequently reenter an order contradicting that mandate.  Further, there was no new, substantially different evidence; intervening, contrary, controlling law; or a clearly erroneous decision in **Logan I**.

### B.

In the alternative, the district court did not have authority under the Federal Rules of Civil Procedure to reenter the order. Post-mandate, neither Honeybaked's motions nor the district court's order addressed which Rule provided authority to reenter the 17 May 2000 order.  As noted, the district court did refer to **Standard Oil**, which discussed Rule 60(b).  On appeal, Honeybaked contends the district court had authority to reenter the order based on Rules 60(b)(1) and 60(b)(6).  In this instance, however, Rule 60(b) proscribes the district court's reentering the order.

9

1.

Under Rule 60(b)(1), and upon motion, the district court may relieve a party from a final order as a means of correcting "mistake, inadvertence, surprise, or excusable neglect". The motion, however, must be made "not more than one year after the ... order". FED. R. CIV. P. 60(b). On 30 November 2001, Honeybaked moved to reenter the 17 May 2000 order, amending the 9 August 1999 and 19 April 2000 orders. The motion was more than a year after these orders, and the appeal did not toll the one-year period. *E.g.*, **Newball v. Offshore Logistics Int'l**, 803 F.2d 821, 827, n.4 (5th Cir. 1986).

2.

Rule 60(b)(6) allows amendment for "any other reason justifying relief from the operation of the judgment". The rule only requires the motion be made in a reasonable time. Subpart (b)(6), however, may not be used to circumvent the one-year limitation period, where, as here, the reason for relief is embraced in subpart (b)(1). **Newball**, 803 F.2d at 827; **Gulf Coast Building and Supply Co. v. Int'l Brotherhood of Electrical Workers, Local No. 480, AFL-CIO**, 460 F.2d 105, 108 (5th Cir. 1972).

III.

For the foregoing reasons, and pursuant to **Logan I**, the dismissal of Logan's patent claims remains *without prejudice*.

10

Accordingly, the district court's reentry of the 17 May 2000 order is

**VACATED.**