# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30674
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2018

Lyle W. Cayce
Clerk

SHERMAN MEALY, an individual,

          Plaintiff - Appellee

v.

THE CITY/PARISH OF EAST BATON ROUGE,

          Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-716

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Sherman Mealy is a former inmate of the East Baton Rouge Parish Prison. After his release, he sued Sheriff Sid J. Gautreaux III and the City/Parish of East Baton Rouge for violations of the Americans with Disabilities Act ("ADA"), Rehabilitation Act, and 42 U.S.C. § 1983. Mealy, who is a paraplegic and confined to a wheelchair, alleged that he was denied access to wheelchair-accessible showers and instead forced to ask other inmates to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30674

help him use the general population showers. He also alleges that he was denied various medical supplies. According to his complaint, the defendants' actions resulted in physical injury, damage to property, and emotional distress.

Both defendants moved to dismiss. The City/Parish—the only defendant before us in this appeal—argued that Mealy's complaint failed to state a claim. In its view, administration of the prison was the sole province of the Sheriff, and, in any event, Mealy had received reasonable accommodations.[1] The district court granted its motion in part and denied it in part. It dismissed Mealy's ADA and Rehabilitation Act claims to the extent they were made through § 1983. But the court denied the motion as to Mealy's § 1983 claims and his freestanding ADA and Rehabilitation Act claims. The City/Parish appealed. Mealy filed a motion to dismiss the appeal as frivolous based on the lack of jurisdiction. A different panel of this court denied his motion.

Whatever the merits of the parties' arguments, we cannot address them. We lack jurisdiction and must dismiss the appeal.

As the appellant, the City/Parish must prove our jurisdiction. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). The Courts of Appeals have jurisdiction over appeals "from all final decisions of the district courts." 28 U.S.C. § 1291. After a final decision, a district court typically "disassociates itself from [the] case." *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995). In other words, at the point of final judgment, the district court typically has "nothing . . . to do but execute the judgment." *Martin*, 618 F.3d at 481. A denial of a motion to dismiss is ordinarily not a final judgment. *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 824 (5th Cir. 1986). Rather, it "is only a 'tentative' decision that will later 'merge' with the final judgment." *Pan E. Expl. Co. v.*

---

[1] The City/Parish advanced additional arguments below, but we summarize only those renewed on appeal.

2

No. 17-30674

*Hufo Oils*, 798 F.2d 837, 839 (5th Cir. 1986). Nor does it leave the district court with "nothing . . . to do but execute the judgment." *Martin*, 618 F.3d at 481. What follows is not the cessation of hostilities, but really only their beginning.

Appeals may nonetheless be had from certain judgments that do not end the case. Some of these interlocutory appeals are permitted by statute. *See* 28 U.S.C. § 1292. The City/Parish does not contend that this appeal falls within the troika of orders from which appeal is authorized under 28 U.S.C. § 1292(a). And although it could have sought permission to appeal under 28 U.S.C. § 1292(b), it did not do so.

This leaves the City/Parish to argue that we have jurisdiction under the collateral order doctrine. The collateral order doctrine is a "practical construction" of the final decision rule, not an exception to it. *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). It recognizes that some decisions can be "final," even though they do not end the case. *See Will v. Hallock*, 546 U.S. 345, 349 (2006). This category is not expansive: the "stringent" conditions for inclusion keep its membership "narrow and selective." *Id.* at 349–50. An order falls within this category only if it "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment." *Id.* at 349 (numbering in original) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). This is not an individualized inquiry, tailored to the facts of each case. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009). Rather, the court must determine whether "the entire category to which [the] claim belongs" warrants interlocutory resolution. *Id.* (quoting *Dig. Equip.*, 511 U.S. at 868).

This appeal fails on every front. "Generally, a denial of a motion to dismiss does not conclusively determine anything because it merely decides

that questions of fact remain to be decided." *Pan E. Expl.*, 798 F.2d at 839. The denial is "tentative" and "may be altered before or upon final judgment." *Id.* Thus, the district court's denial of the motion to dismiss did not conclusively determine the questions presented therein. Those questions can be raised again at other stages of the litigation and will ultimately be resolved in the final judgment. *See id.*

Nor does this appeal concern important issues completely separate from the merits of the action. The City/Parish argues on appeal that Mealy failed to state claims under the ADA and Rehabilitation Act for two reasons. First, in the City/Parish's view, he failed to plead discrimination. Second, the City/Parish contends that it was not responsible for running the prison. But those arguments go to the heart of the case: the question to be resolved in the final judgment is whether the City/Parish discriminated against Mealy by failing to reasonably accommodate him. *See, e.g., Frame v. City of Arlington*, 657 F.3d 215, 223–24 (5th Cir. 2011) (en banc). The district court's order rejecting those arguments is deeply "enmeshed in the factual and legal issues comprising [Mealy's] cause[s] of action," not completely separate from them. *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 174 (5th Cir. 2009) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)); *cf. Pan E. Expl.*, 798 F.2d at 839–40 (holding that motion to dismiss based on international comity is not completely separate from the merits because decision requires assessment of the merits).

Nor is the district court's denial of the motion to dismiss effectively unreviewable on appeal from a final judgment. In the end, the denial of the motion will merge into the final judgment. *See Pan. E. Expl.*, 798 F.2d at 839. On appeal, this court can remedy an erroneous denial by directing the district court to dismiss. *See id.* at 840. Admittedly, the City/Parish will have suffered the expense and delay of discovery, trial, or both. *See id.* Only in a slim category

4

No. 17-30674

of cases involving rights not to stand trial has the Supreme Court or this court recognized a right of interlocutory appeal. *See Martin*, 618 F.3d at 482–83 nn.9–11 (collecting cases). The right to a dismissal for failure to state a claim is not among them. *See Dig. Equip.*, 511 U.S. at 873; *Pan E. Expl.*, 798 F.2d at 840.

Accordingly, we lack jurisdiction and DISMISS this appeal.