United States Court of Appeals,

Fifth Circuit.

No. 92-2628.

ALBANY INSURANCE COMPANY, Plaintiff-Appellant,

v.

ALMACENADORA SOMEX, S.A., et al., Defendants-Appellees.

Oct. 29, 1993.

Appeals from the United States District Court for the Southern District of Texas.

Before JONES and DeMOSS, Circuit Judges, and BARBOUR[*], District Judge.

DeMOSS, Circuit Judge:

Background

On April 4, 1991, appellant Albany Insurance Company brought suit against (i) appellee Fernando Coello Garrido ("Coello"), (ii) appellees Alata Rica S.A. de C.V., Beneficio La Altura, S.A. de C.V., Beneficio San Fernando S.A. de C.V., Cafes Premier Y Altura, S.A. de C.V., and Commercializadora Mexicana de Cafe, S.A. de C.V. (collectively referred to as "Grupo Sanfer"), and (iii) appellee Almacenadora Somex, S.A. ("Somex") alleging several causes of action, including breach of contract, fraud and conversion. Albany alleged that it was the subrogee of Coffee Trade Services, Inc., ("CTS"). Albany's complaint further alleged the following:

> In or about October/November, 1988, ... CTS entered into an agreement with Coello and Grupo Sanfer for the financing and purchase of green coffee in Mexico and the importation of such coffee to the United States ... In consideration of the financing by CTS, Coello and Grupo Sanfer agreed to provide CTS with negotiable warehouse receipts for green coffee in warehouses in Mexico. Somex issued negotiable warehouse receipts for certain green coffee purportedly stored in its warehouses. CTS thereafter demanded that Somex deliver the coffee covered by certain of the warehouse receipts held by CTS. Somex refused and failed to deliver the said coffee as demanded. The said coffee was short and missing from the warehouses of Somex when delivery was demanded.

Before answering, Somex filed on October 28, 1991, a motion entitled "Motion to Dismiss for Lack of Personal Jurisdiction," under Fed.R.Civ.P. 12(b). In it, Somex sought dismissal for lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and

[*]Chief Judge of the Southern District of Mississippi, sitting by designation.

*forum non conveniens.*  Somex devoted the body of its motion to supporting its lack of personal jurisdiction and *forum non conveniens* arguments;  it chose not to expound upon its improper venue claim beyond simply stating that venue was improper.

On March 17, 1992, while its motion to dismiss was still pending, Somex filed a motion entitled "Motion for Summary Judgment."  In it, Somex requested the court to enforce the forum selection clause contained in the warehouse receipts and dismiss the action without prejudice to refile in Mexico.  On July 9, 1992, the district court granted Somex's "summary judgment" motion, construing it as a Rule 12(b) motion to dismiss, and dismissed Albany's entire case, including its actions against Coello and Grupo Sanfer.  The court also denied as moot Somex's first motion to dismiss.

On July 21, 1992, Coello and Grupo Sanfer each filed a Rule 12 motion which sought dismissal for lack of personal jurisdiction.  They failed to raise, however, the forum clauses as grounds for dismissal.  Two days later, Albany filed a motion requesting the court to correct its earlier dismissal order so as to allow Albany to maintain its action against Coello and Grupo Sanfer.  On July 30, 1992, Coello and Grupo Sanfer filed another Rule 12 motion, this time asserting the forum clauses as an additional basis for dismissal.

Finally, on August 27, 1992, the district court, believing that Coello and Grupo Sanfer were now joined in Somex's "motion for summary judgment," entered an amended order granting the motion and dismissing Albany's case.  The singular basis upon which the court granted the motion was enforcement of the forum clauses.  In doing so, the court construed Somex's motion as a Rule 12(b)(3) motion to dismiss for improper venue.  The court denied as moot Somex's, and presumably Coello and Grupo Sanfer's, earlier Rule 12 motion.[1]

Albany appeals arguing, *inter alia,* that Appellees waived enforcement of the forum clauses by failing to raise them in their first Rule 12 motion.  We agree.

Discussion

---

[1]The only reference to Coello and Grupo Sanfer contained in the amended order is the court's statement that "[a]ll remaining defendants have joined in Somex's motion [for summary judgment]."

Fed.R.Civ.P. 12 reads in relevant part:

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (2) lack of jurisdiction over the person, (3) improper venue, ... (6) failure to state a claim upon which relief can be granted ...

. . . . .

(g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, ...

The meaning of subdivision (g) is clear. If a party seeks dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), he must include in such motion any other defense or objection then available which Rule 12 permits to be raised by motion. If the party omits such defense or objection, Rule 12(g) precludes him from making a further motion seeking dismissal based on the omitted defense or objection. The advisory committee notes following the text of Rule 12 explain the policy behind this consolidation requirement:

This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case.... A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver [under subdivision (h)(1)(A) ] reinforces the policy of subdivision (g) forbidding successive motions.[2]

In this instance, Somex filed its first motion to dismiss in which it raised several of the defenses set out in Rule 12(b), including the defense of improper venue. Somex chose, however, not to lodge any specific objection to venue based on the forum clauses. Rather, it waited until its second motion to raise the forum clauses as grounds for dismissal. The district court construed Somex's second motion as a motion to dismiss for improper venue. We find the court's construal to be

---

[2]Subdivision (h)(1)(A) reads in relevant part:

(h) Waiver or Preservation of Certain Defenses

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), ...

accurate.[3]  Thus, having failed to raise in its first motion a specific objection to venue based on the forum clauses, Somex was precluded under Rule 12(g) from raising the objection in a second pretrial motion to dismiss.  *Randolph Engineering Co. v. Fredenhagen Kommandit-Gesellschaft,* 476 F.Supp. 1355, 1357-58 (W.D.Pa.1979).  The district court erred, therefore, when it granted Somex's second motion and dismissed Albany's suit.

The same conclusion follows for Coello and Grupo Sanfer.  Coello and Grupo Sanfer each filed a motion to dismiss, alleging one or more of the defenses in Rule 12(b).  Each, however, omitted from their first motion an objection to venue based on the forum clauses.  Thus, according the consolidation requirement of Rule 12(g), they too were not permitted to make a further motion seeking enforcement of the forum clauses.  *Id.*  We therefore hold that the district court erred by enforcing the clauses and dismissing Albany's suit *vis á vis* Coello and Grupo Sanfer.

In an effort to avoid reversal, Somex takes the position that the district court dismissed Albany's case on *forum non conveniens* grounds.  From this it argues that the consolidation requirement does not apply because Somex raised a *forum non conveniens* claim in its first motion to dismiss.  In support of this position, Somex asserts that it raised the existence of the forum clauses in its second motion as a factor to be considered under its *forum non conveniens* claim of its first motion.

Somex's position has no basis in fact.  The record very plainly reveals that Somex sought enforcement of the forum clauses as an independent ground for dismissal and that the district court

_____

[3]Although Somex called it a motion for summary judgment, the motion did not raise an objection or defense to the merits of Albany's complaint, nor did it attack the factual basis of the allegations contained therein.  Moreover, at the time of its motion, Somex had no defensive pleading on file.  The motion simply requested the court to enforce the forum clauses and dismiss Albany's suit without prejudice to refile in Mexico.  We note that this request was not made in the context of a *forum non conveniens* argument.  Although Somex had claimed *forum non conveniens* in its first motion, it chose not to raise the forum clauses as grounds for this claim.  Perhaps more surprising is that when the district court allowed Somex to reply to Albany's response to Somex's first motion, Somex again chose not to raise the forum clauses even though its reply further developed and amplified its *forum non conveniens* claim and came more than a month after its second motion.  In light of these facts, we view Somex's second motion seeking dismissal as a motion to dismiss based on Albany's improper choice of venue—such motion being predicated upon the forum clauses which make Mexico the contractually agreed upon venue for suit.

denied as moot Somex's first motion to dismiss—the only motion in which Somex raised a *forum non conveniens* claim. Furthermore, the court's amended dismissal order never even mentions the doctrine of *forum non conveniens;* nor does it reflect that the court engaged in any type of *forum non conveniens* analysis.[4]

Coello and Grupo Sanfer argue that since their second motion was served within 20 days of service of their first motion, their second may be construed as a timely amendment of their first under Fed.R.Civ.P. 15(a). Therefore, they argue, Rule 12(g) does not apply. Rule 15(a) states in relevant part:

> Amendments. A party may amend the party's *pleading* once as a matter of course at any time before a responsive pleading is served or, if the *pleading* is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. (emphasis added)

Appellees' argument raises the question of whether a motion to dismiss is a "pleading" under Rule 15(a). Professors Wright and Miller state that the term "pleading" "must be interpreted in conjunction with Rule 7(a), which enumerates the pleadings permitted in federal practice as follows: a complaint, an answer, a reply to a counter-claim, an answer to a cross-claim, a third-party complaint, a third-party answer, and, pursuant to court order, a reply to an answer or third-party answer." 6 Wright & Miller, *Federal Practice & Procedure,* § 1475 (1990). They further conclude that "[u]nder a literal application of Rule 15(a), ... motions are not "pleadings' and the amendment of a motion will not be permitted under subdivision (a)." *Id.* They cite several cases for this latter

---

[4]We detect from its supplemental letter brief, filed after oral argument, that Somex now wishes to retreat from this indefensible position. It argues that even if the district court did not conduct a *forum non conveniens* analysis, we should find that Somex did not waive enforcement of the forum clauses because "these doctrines are so similar as to be indistinguishable for this purpose." We disagree. Somex's first motion sought dismissal based on several grounds including improper venue. Its second raised the forum clauses.

> "[I]t seems inconsistent with the philosophy of Rule 12(g) to permit successive motions on grounds that are as closely related as [improper venue and enforcement of a forum clause], especially when both bases for challenge are or should be apparent and available at the time of the first motion."

5A Wright & Miller, *Federal Practice & Procedure,* § 1386 (1990)(criticizing *Geiger v. Keilani,* 270 F.Supp. 761 (E.D.Pa.1967) in which the district court found that Rule 12(g) did not bar a subsequent motion to dismiss based on a forum clause even though the moving party had filed an earlier motion seeking dismissal for improper venue).

proposition, including *McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870, 872 n. 2 (5th Cir.1976), in which this court stated that "[a] motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)."[5]

We agree with the position taken by our brothers in *McLellan* and hold that a motion to dismiss is not a "pleading" for the purposes of Rule 15(a). Thus, Coello and Grupo Sanfer's second motion cannot be considered an amendment of their first.

## Conclusion

The district court's order dismissing Albany's action is REVERSED and the cause is REMANDED.[6]

---

[5]In *McLellan,* plaintiff filed a complaint to which defendant responded by filing a motion to dismiss. Plaintiff then filed an amended complaint, naming several other defendants. The district court dismissed the amended complaint on the ground that leave of court to file the amendment was required under Rule 21 and had not been obtained. On appeal, plaintiff argued that under Rule 15(a) he was entitled to one amendment as a matter of course "at any time before a responsive pleading is served." In reaching and resolving the conflict between Rule 15(a) and Rule 21, the Court stated that "[a] motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)." Thus, the Court refused to construe defendant's motion to dismiss as a responsive pleading which, if it were, would have foreclosed plaintiff's position that he was entitled to one amendment as a matter of course under Rule 15(a). The Court held that Rule 15 took precedence over Rule 21 and that the district court had erred in dismissing plaintiff's amended complaint. *McLellan,* 526 F.2d at 873.

[6]In doing so, we decline Albany's invitation to review the record *de novo* and deny Appellees' first motion to dismiss on the merits.