IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10060

_____


J.R. CLEARWATER INC., ET AL.,

                                        Plaintiffs,

JEFF YOUNG RUSSELL KING., ET AL.,

                                        Intervenor-Appellees,

        and

FRANK FALGIANI and MARIUS GRIFFO,

                                        Plaintiffs-Appellees

        versus


ASHLAND CHEMICAL CO., ET AL.,

                                        Defendants-Appellants.



_____

Appeal from the United States District Court for the
        for the Northern District of Texas
_____
August 15, 1996

Before WISDOM, GARWOOD and JONES, Circuit Judges.

GARWOOD, Circuit Judge:

        This appeal presents the question whether a federal district
court, having denied class certification in a previous proceeding,
may enjoin certification of a similar class in state court under
the Anti-Injunction Act, 28 U.S.C. § 2283.  Because we conclude
that the instant denial of class certification does not come within
one of the exceptions to the Anti-Injunction Act, we affirm the
order of the district court denying the requested relief.

## Facts and Proceedings Below

In May 1991, a class action was brought in Texas state court on behalf of named plaintiff Joseph Lawshe and a class of similarly situated individuals (Lawshe class) against Ashland Chemical Company, Inc. (Ashland). The gravamen of the complaint was that the class members had sustained damage to their swimming pools as the result of Ashland's mistaken delivery of sodium citrate rather than sodium sesquicarbonate to J.R. Clearwater, Inc. (Clearwater), which then mistakenly used the sodium citrate to service the pools. The complaint alleged that the use of the sodium citrate had created an imbalance in the alkalinity of the swimming pools that caused algae growth, staining and corrosion of the pools, pipes, and pool equipment. The Lawshe class asserted Texas law claims for breach of contract, negligence, and deceptive trade practices against Ashland seeking compensatory damages of between $500 and $5,000 per class member as well as punitive damages. The Lawshe class asserted no claims against Clearwater.

Ashland removed the suit to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity jurisdiction. The Lawshe class action was then transferred to the Fort Worth Division and consolidated with a suit, also asserting Texas law claims, filed against Ashland by Clearwater that was pending in that court. In addition, two new named plaintiffs, Marius Griffo and Frank Fagliani (class plaintiffs), were substituted for Lawshe.

After extensive discovery over a two-year period, a class

2

certification hearing was held in September 1993. The district court denied class certification on the grounds that the individual class plaintiffs were subject to unique defenses not typical of the class, and that common issues of fact and law did not predominate due to individualized circumstances pertaining to each pool. Following the denial of class certification, the class plaintiffs sought a voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The district court ruled that dismissal without prejudice should not be allowed at such a late stage in the litigation, yet the court declined to dismiss the two class plaintiffs' individual claims *sua sponte* in the event that they elected to take their claims to trial or allow other proposed class members to intervene individually.

The attorney for the class plaintiffs then filed a second class action, likewise asserting Texas law claims, in the Texas state courts naming Jack E. Sims as the class representative. The class was defined in the same terms as the class in the initial action, and the complaint was almost identical except that it included a negligence claim against Clearwater, asserted no deceptive trade practices claims against Ashland and sought no punitive damages, and sought compensatory damages of $15,000 per class member.

Ashland moved the district court to enjoin class certification in the state court proceeding in order to protect or effectuate its own earlier denial of class certification under the relitigation exception to the Anti-Injunction Act. The district court denied

3

the motion on the grounds that its denial of class certification was not a final appealable order entitled to collateral estoppel effect "notwithstanding the Court's previous statement that its denial of class certification was final."[1]

### Discussion

Through the Anti-Injunction Act, 22 U.S.C. § 2283, the Congress imposed a general prohibition on the federal courts from interfering in state judicial proceedings. As the Supreme Court explained in *Chick Kam Choo v. Exxon Corp.*, 108 S.Ct. 1684 (1988):

> "The Act . . . is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. It represents Congress' considered judgment as to how to balance the tensions inherent in such a system. Prevention of frequent federal court intervention is important to make the dual system work effectively. By generally barring such intervention, the Act forestalls 'the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.' *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630-31, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009 (1977)(plurality opinion). Due in no small part to the fundamental constitutional independence of the States, Congress adopted a general policy under which state proceedings 'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court.' *Atlantic Coast R. Co. v. Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970)." *Id. at* 1689.

The Act does permit the federal courts to enjoin state judicial proceedings in three limited instances: when expressly authorized by statute, when necessary in aid of the court's jurisdiction, or

---

[1] However, Ashland did later secure an order enjoining relitigation of the class certification issue in state court pending this appeal.

when necessary to protect or effectuate the court's judgment. 28 U.S.C. § 2283. The third of these exceptions, commonly referred to as the "relitigation exception," is at issue in the present case.

> "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo*, 108 S.Ct. at 1690.

*See also Deus v. Allstate Ins. Co.*, 15 F.3d 506, 524 (5th Cir.)(*quoting Chick Kam Choo*), *cert. denied*, 115 S.Ct. 573 (1994).

However, these "exceptions are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Chick Kam Choo*, 108 S.Ct. at 1689 (*quoting Atlantic Coast Line,* 90 S.Ct. at 1743); *Total Plan Serv., Inc. v. Texas Retailers Assn., Inc.*, 925 F.2d 142, 144 (5th Cir. 1991). Any doubts as to the propriety of an injunction must be resolved in favor of allowing the state court action to go forward. *Texas Employers Ins. Ass'n. v. Jackson*, 862 F.2d 491, 499 (5th Cir. 1988)(*en banc*), *cert. denied*, 109 S.Ct. 1932 (1989).

Ashland urges that the district court erred in denying its motion to enjoin relitigation of the class certification issue in state court because this issue was fully litigated during the course of the federal proceedings. While we are sympathetic to Ashland's desire to avoid another protracted and costly round of litigation over class certification in the Texas state courts, the Anti-Injunction Act requires a different result.

Finality is an essential component of the concepts of both *res*

5

*judicata* and collateral estoppel. *Avondale Shipyards v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986). An order denying class certification is not a final judgment, and therefore is not appealable as a matter of right until conclusion of the litigation in the district court. *Coopers & Lybrand v. Livesay*, 98 S.Ct. 2454, 2457 (1978). Accordingly, it seems apparent to us that the denial of class certification similarly lacks sufficient finality to be entitled to preclusive effect while the underlying litigation remains pending. Because finality is central to the concepts of both *res judicata* and collateral estoppel, which animate the Anti-Injunction Act, such a lack of finality is also fatal to a request for injunction under the Act.[2]

---

[2] In its brief, Ashland cites both the Second Circuit's decision in *Lummus v. Commonwealth Oil Ref. Co.*, 297 F.2d 80,89 (2d Cir. 1961), *cert. denied*, 368 U.S. 96 (1962), and the *Restatement (Second) Judgments* for the proposition that something less than section 1291 finality is sufficient for purposes of issue preclusion. However, in our decision in *Avondale,* which we view as directly analogous to the case at hand, we declined to adopt this more flexible notion of finality.

In *Avondale*, we were presented with the question whether a partial summary judgment was entitled to collateral estoppel effect. In holding that it was not, we noted that a partial summary judgment was not a final appealable order and that it further lacked the necessary finality because it was within the district court's plenary power to revise or set aside at its discretion prior to final judgment. We distinguished *Lummus* and similar cases on the grounds that appellate review of the matter on which issue preclusion was sought was available in each instance. Indeed, we noted that both *Lummus* and the *Restatement* expressly cited the availability of appellate review as a significant factor in determining whether an otherwise nonfinal order should be given preclusive effect.

In the case at bar, the denial of class certification is not itself a final appealable order, *Coopers & Lybrand, supra*, and is also subject to reconsideration by the district court under Federal Rule of Civil Procedure 23(c)(1). Ashland argues that appellate review was available to the class plaintiffs either through the discretionary appeal mechanism of 28 U.S.C. § 1292(b) or by

6

While we are given to understand by correspondence from counsel that a final judgment was subsequently entered by the district court one month after this case was argued before this panel, that does not change our disposition of the present appeal, given the discretionary nature of the class certification determination generally.

The denial of class certification is "a procedural ruling, collateral to the merits of a litigation. . . .," *Deposit Guaranty Nat. Bank v. Roper*, 100 S.Ct. 1166, 1173 (1980), and the decision as to whether to certify a class lies within the "wide discretion" of the trial court. *Shipes v. Trinity Ind.*, 987 F.2d 311, 316 (5th Cir.), *cert. denied*, 114 S.Ct. 548 (1993); *see also,* Wright, Miller and Cooper, § 1785 at 119(court has "broad discretion").[3]  While Texas Rule of Civil Procedure 42 is modeled on Rule 23 of the Federal Rules, and federal decisions are viewed as persuasive

refusing to strike the class allegations and allowing the district court to dismiss the entire action with prejudice, thereby rendering the class action ruling final and appealable.  We are not persuaded. As Ashland concedes, it is not likely that discretionary review would be granted.  Nor should the class representatives be faced with the equally unpalatable choices of either having the order denying class certification be afforded preclusive effect without review or risking the forfeit of their claims on the merits in order to secure such review.  *See* Wright, Miller and Cooper, *Federal Practice and Procedure:* § 1802 at 483 (noting this means of securing appellate review of order denying class certification "tactically risky" due to risk of forfeiting rights to present merits of claim).

[3]    This is clearly applicable to the "predominate" determination that formed the ultimate basis of the district court's ruling in the present case. *See Salazar-Calderon v. Presidio Valley Farmers Assn.*, 765 F.2d 1334, 1350 (5th Cir. 1985) (reviewing predominance determination for abuse of discretion), *cert. denied*, 106 S.Ct. 1245 (1986).

7

authority regarding the construction of the Texas class action rule, *see American Exp. Travel Related Services Co. v. Walton*, 883 S.W.2d 703, 708 (Tex.App.--Dallas 1994, no writ); *Ventura v. Banales*, 905 S.W.2d 423, 425 (Tex.App.--Corpus Christi 1995, no writ), a Texas court might well exercise this discretion in a different manner. It is our considered view that the wide discretion inherent in the decision as to whether or not to certify a class dictates that each court—or at least each jurisdiction—be free to make its own determination in this regard. *See* Wright, Miller & Cooper, § 4434 at 327 ("If preclusion is to be denied, it should be on the ground that many procedural matters may be so far discretionary that a second court should be free to make its own determination."). This reasoning is particularly applicable when matters of state-federal relations are involved as in the present case in which an injunction would impinge upon the state court's ability to exercise discretion in the administration of its own docket contrary to the policies underlying the Anti-Injunction Act.

The element of discretion that inheres in this class certification determination must be emphasized. Indeed, one Texas court applying the federal collateral estoppel rules concluded that collateral estoppel did not bar relitigation of the class certification issue in part because even those aspects of the state class action rule which are identical to the federal rule have sometimes been applied differently by the state courts. *Morgan v. Deere Credit, Inc.*, 889 S.W.2d 360, 368 (Tex.App.--Houston (14th Dist.) 1994, no writ). Therefore, the Texas court concluded that

8

the identity of issues necessary to collateral estoppel was lacking.

For the foregoing reasons, we conclude that the district court did not err in denying Ashland's motion to enjoin relitigation of the class certification in state court.  The order of the district court is accordingly

AFFIRMED.