# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

m 01-60298

---

FRANK M. LEIGH,

Plaintiff-Appellant,

VERSUS

THOMAS E. VICE,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Mississippi
(1:98-CV-22S)

---

February 7, 2002

Before SMITH and DEMOSS, Circuit Judges,
and LAKE,* District Judge.

PER CURIAM:**

Frank Leigh appeals the denial of his motion to enjoin enforcement of an adverse deci-

---

* District Judge of the Southern District of Texas, sitting by designation.

---

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sion of a state court, arguing that it conflicts with a prior ruling of the bankruptcy court in violation of the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283. Finding no error, we affirm.

## I.

In 1977, Thomas Vice agreed to lease a commercial building owned by Leigh. The lease was for fifteen years and gave Vice the option to renew for another fifteen years so long as he did not default on the lease. Vice had the right to cancel the lease on any default.

The lease required Vice to obtain Leigh's written consent before subleasing the property. In 1979, Vice changed sublessees without consent; Leigh did not object. In 1988, Vice again subletted without Leigh's consent; again, Leigh did not object. In 1989, Leigh became unhappy with the new sublessee and, in 1990, notified Vice that he had breached the lease in 1988 by subletting without permission. Leigh filed a declaratory action in Mississippi chancery court seeking a judgment that he had the right to cancel the lease or, alternatively, had the right not to renew the lease. The court ruled for Leigh.

Vice appealed, but without posting a bond and thus without supersedeas. Accordingly, his appeal did not suspend enforcement of the chancery court's judgment.[1]

In May 1992, while the appeal was pending and before the lease expired, Vice filed for chapter 11 bankruptcy. Vice (either as or through the trustee of the bankruptcy estate) neither assumed the lease within sixty days of the order granting bankruptcy relief nor requested additional time. Leigh moved for

Vice to surrender the property, arguing that under 11 U.S.C. § 365((d)(4), Vice had rejected the lease and surrendered it to him, the lessor.[2] Vice requested an injunction preventing Leigh from taking possession of the property. The bankruptcy court granted Leigh's motion and denied Vice's. The bankruptcy case was closed in 1994.

In November 1995, the Mississippi Supreme Court reversed in part, holding that Leigh had waived the right to object to Vice's new sublessee, and Vice could renew the lease.

In January 1996, Leigh filed a motion in the bankruptcy court to determine his rights in the wake of the Mississippi Supreme Court's decision. The bankruptcy court held that because Vice had not assumed the lease within sixty days of his bankruptcy order, he had no claim to the property *under bankruptcy law*:

> [Vice] did not properly pursue his bankruptcy remedies. Because of his chosen course of action, this is no longer a matter that should be adjudicated in the bankruptcy court. If Vice is entitled to relief, he must obtain same in state court. If the failure to post a supersedeas bond proves fatal, this shortcoming cannot and should not,

---

[1] MISS. CODE. ANN § 11-51-31 (2001).

[2] The section provides that

> if the trustee does not assume or reject an unexpired lease of nonresidential property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential property to the lessor.

11 U.S.C. § 165(d)(4).

2

absent the timely filing of the appropriate § 365(d)(4) motions, be rectified in this court.

Both parties requested the court clarify its order. Leigh argued that because Vice had not assumed the lease within the sixty-day window, the lease had been terminated, and there was nothing left to litigate and there were no lease rights to enforce. The court held that Vice had no lease rights under bankruptcy law, but whether he had any lease rights under state law *was a matter for Mississippi's courts*:

> To the extent that Vice may have rights under the lease which became available by reason of the decision of the Mississippi Supreme Court, then he is left to pursue those rights in the state court action pending in Lowndes County Chancery Court. The Order of this Court here is not intended to and does not foreclose any claims which Vice has heretofore pursued, or may pursue in state court, but merely precludes the assertion of those rights in Bankruptcy Court.

Applying the state's law as interpreted by the Mississippi Supreme Court, the chancery court granted Vice's motion to renew the lease.

Leigh filed the instant action in federal court, arguing that the chancery court's decision contradicts the bankruptcy court's ruling that Vice had given up his right to assume the lease. Leigh moved for summary judgment; Vice moved to dismiss the complaint.

The court granted Vice's motion, which it treated as a summary judgment motion. It

found that under § 365(d)(4), "the ultimate question of the continued validity of the lease at issue was a matter for the state courts of Mississippi." Further, the court deemed Leigh's "invocation of the All Writs Act . . . nothing more than an attempt to take an out-of-time appeal of what was in essence an adverse ruling of the bankruptcy court."

## II.

Leigh argues that the chancery court relitigated the issue already decided by the bankruptcy courtSSwhether Vice had any rights under the leaseSSin violation of the All Writs Act[3] and the Anti-Injunction Act.[4]  A federal court may enjoin state court proceedings "when necessary to protect or effectuate a federal court judgment." *J.R. Clearwater, Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 178 (5th Cir. 1996); *accord* 28 U.S.C. § 2283.  This "'relitigation exception . . . . is founded in the well-recognized concepts of *res judicata* and collateral estoppel.'" *J.R. Clearwater*, 93 F.3d at 179 (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)).

Nothing in the bankruptcy court's decision precluded further state court litigation. To the contrary, the bankruptcy court explicitly directed Leigh and Vice to state court to resolve the rest of their lease claims. It extinguished Vice's rights only under bankruptcy law, not

---

[3] "[F]ederal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.

[4] "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

3

state law. Because nothing in the chancery court's order contradicts the bankruptcy order, no relief is available under the All Writs Act or the Anti-Injunction Act.[5]

AFFIRMED.

---

[5] We need not decide whether the bankruptcy and district courts correctly interpreted 11 U.S.C. § 365(d)(4), and we intimate no view on the merits of their holdings.