United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2005**

Charles R. Fulbruge III
Clerk

REVISED JANUARY 10, 2006

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

------------------

No. 05-30187

------------------

HARVEY SPECIALTY & SUPPLY, INC

Plaintiff - Appellant

versus

ANSON FLOWLINE EQUIPMENT INC; ANSON LTD

Defendants - Appellees

------------------

Appeal from the United States District Court
for the Eastern District of Louisiana

------------------

Before REAVLEY, DAVIS, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellees Anson, Ltd. and Anson Flowline Equipment International sought an injunction from the district court to prevent Plaintiff-Appellant Harvey Specialty & Supply ("HSS") from re-litigating, in currently pending state court litigation, the validity of the forum selection clause in their contract. The district court granted the injunction; HSS appeals; we vacate that injunction.

## I.   FACTS AND PROCEEDINGS

HSS distributes oilfield equipment. Since 1991, HSS has purchased and distributed Anson's Scottish-made products.

Initially, HSS was Anson's sole distributor in this country, but in 1998 Anson created its own United States subsidiary corporation, Anson Flowline Equipment ("AFE"), to distribute its products in Texas. In January 2000, HSS and AFE entered into a "Sales Agent Agreement" (the "Agreement") establishing HSS as Anson's exclusive distributor in Louisiana. The Agreement expired at the end of 2001, and the parties neither renewed it nor entered into another written contract.

In late 2003, HSS discovered that AFE was distributing Anson products directly to Louisiana customers. The following April, HSS sued Anson and AFE (collectively, "Anson") in state court, petitioning for, inter alia, a preliminary and permanent injunction. Anson removed the action to the Eastern District of Louisiana, and sought dismissal on two grounds: (1) Venue, pursuant to the forum selection clause in the Agreement, which designated Houston, Texas as the proper forum; and (2) lack of personal jurisdiction.

The district court upheld the forum selection clause and held that venue in the Eastern District of Louisiana was improper. The district court denied Anson's motion to dismiss, however, and instead exercised its discretion to transfer the action to the Southern District of Texas. After the transfer, HSS filed a motion to dismiss the suit voluntarily under Federal Rule of Civil Procedure 41(a)(1) ("Rule 41(a)(1)").

After voluntarily dismissing the initial suit against Anson, HSS sued Anson again, but in a different Louisiana state court. HSS

2

advanced substantially the same claims as it had in the first lawsuit. This time, however, HSS added a nondiverse Anson employee as a defendant to prevent removal. As a result, Anson asked the district court for the Eastern District of Louisiana to reopen the original case and enjoin HSS from relitigating the validity of the forum selection clause in the new state court proceedings.

The district court granted the injunction, which prohibited HSS from prosecuting the suit in state court. HSS timely filed its notice of appeal. We have appellate jurisdiction under 28 U.S.C. § 1292(a)(1), which permits interlocutory appeal of, inter alia, a district court order granting an injunction.

## II. ANALYSIS

### A. Standard of Review

We review de novo the application of the relitigation exception to the Anti-Injunction Act.[1] We review the district court's ultimate decision whether to issue an injunction for abuse of discretion.[2]

### B. Applicable Law

With certain exceptions, the Anti-Injunction Act prohibits federal courts from enjoining proceedings in state courts.[3] At

---

[1] 28 U.S.C. § 2283; see Newby v. Enron Corp., 302 F.3d 295, 301 (5th Cir. 2002); Regions Bank v. Rivet, 224 F.3d 483, 488 (5th Cir. 2000).

[2] Newby, 302 F.3d at 301; Rivet, 224 F.3d at 488.

[3] 28 U.S.C. § 2283.

3

issue here is the relitigation exception, which permits a federal court to enjoin state court proceedings "where necessary... to protect or effectuate its judgments."[4] The relitigation exception "prevent[s] state litigation of an issue that was previously presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel."[5] As HSS dismissed the initial action as a matter of right without prejudice, principles of collateral estoppel, and not res judicata, are relevant.

Collateral estoppel applies when, in the initial litigation, (1) the issue at stake in the pending litigation is the same, (2) the issue was actually litigated, and (3) the determination of the issue in the initial litigation was a necessary part of the judgment.[6] As the third element of collateral estoppel indicates, "[f]inality is an essential component of the concept[] of... collateral estoppel."[7] Therefore, "[b]ecause finality is central to the concept[] of... collateral estoppel, which animate[s] the Anti-Injunction Act,... a lack of finality is also fatal to a request for

---

[4]Id.

[5]Chick Cam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988).

[6]Next Level Commc'ns LP v. DSC Commc'ns Corp., 179 F.3d 244, 250 (5th Cir. 1999).

[7]J.R. Clearwater, Inc. v. Ashland Chem. Co., 93 F.3d 176, 179 (5th Cir. 1996).

4

an injunction under the Act."[8]  In other words, an order that "is not a final judgment, and therefore is not appealable as a matter of right... lacks sufficient finality to be entitled to preclusive effect" under the relitigation exception.[9] If there is any question as to the propriety of an injunction, we must resolve it in favor of permitting the state court action to proceed.[10]

## C.  Merits

Neither party disputes that the issues in the pending state court case and the issues in the initial litigation are the same; neither do they dispute that the validity of the forum selection clause was "actually litigated."  The determinative issue is thus whether the district court's order transferring the case to the Southern District of Texas is a final judgment for purposes of the relitigation exception, thereby giving that judgment's forum selection clause determination preclusive effect under the relitigation exception.  We conclude that the transfer order was not a final judgment and thus not preclusive.

Under Rule 41(a)(1), the plaintiff has the right to file a notice of dismissal at any time before the defendant has filed

---

[8]Id.

[9]Id.  The court explained that, in this circuit, the availability of appellate review is "a significant factor in determining whether an otherwise nonfinal order should be given preclusive effect."  Id. at 179 n.2.

[10]Id.; see also Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1294 (5th Cir. 1992).

5

either an answer or a motion for for summary judgment; and "[u]nless otherwise stated in the notice of dismissal... the dismissal is without prejudice." The plaintiff has an "absolute right" to a Rule 41(a)(1) dismissal,[11] and "[t]he effect of [a Rule 41(a)(1)] dismissal is to put the plaintiff in a legal position as if he had never brought the first suit."[12] The plaintiff "suffers no impairment beyond his fee for filing."[13] Stated differently, the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim.[14] Ultimately, a Rule 41(a)(1) dismissal is not a "final judgment."[15]

---

[11]Carter v. U.S., 547 F.2d 258, 258-59 (5th Cir. 1977).

[12]LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976. See also Ford v. Sharp, 758 F.2d 1018, 1023-24 (5th Cir. 1985) (explaining that "[i]f a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed").

[13]Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963).

[14]Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001) (explaining the meaning of "dismissal without prejudice" under Rule 41(a)).

[15]We note that plaintiffs in removed cases frequently use the rule to re-file an action in state court to secure their preferred forum by, inter alia, adding non-diverse parties. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2623. See also Wilson v. City of San Jose, 111 F.3d 688, 694 (9th Cir. 1997) (noting that Rule 41(a)(1) essentially permits forum shopping); Int'l Commc'ns, Inc. v. Rates Tech, Inc., No. CV 88-0377, 1988 WL 49214 (E.D.N.Y. May 10. 1988) (rejecting the defendants' argument that the interests of justice prevented voluntary dismissal under Rule 41(a)(1) when the parties had litigated venue for one and a half years and the case was ultimately transferred). While this may seem distasteful to opposing parties, we have "consistently held that Rule 41(a)(1)

As noted, a final judgment is an absolute prerequisite to the securing of an injunction under the relitigation exception to the Anti-Injunction Act. Accordingly, the district court erred in granting the injunction. This is because "[t]he element of finality, essential to application of collateral estoppel, is plainly lacking in a judgment upon a Rule 41(a)(1) dismissal."[16]

To support the district court's injunction, Anson attempts to characterize the transfer order in the initial action as a final judgment. First, Anson argues that the district court's transfer order was, in effect, a dismissal for improper venue. The district court likewise characterized its transfer order as a dismissal for improper venue when, long after its transfer, it granted the injunction. But labeling an order a final judgment, particularly post hoc, does not necessarily make it one. In determining whether the district court issued a final judgment for the purposes of the relitigation exception we must look to what actually happened in the initial proceedings, and not to the retrospective characterization of what happened.[17] Although the court could have dismissed the

---

means what it says... [and] [d]efendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) may do so by taking the simple step of filing an answer." Carter, 547 F.2d at 258-59.

[16]In re Piper Aircraft Sys. Antitrust Lit, 551 F.2d 213, 220 (8th Cir. 1977).

[17]Royal Ins., 960 F.2d at 1294 ("In determining which issues have been "actually decided," the emphasis is on the record and

7

action for improper venue, the court explicitly <u>denied</u> the motion to dismiss and just as explicitly <u>transferred</u> the action to the Southern District of Texas in an admirable effort to save HSS the cost of having to re-file the action there.  Yet, the court's decision to transfer, however well-intentioned, is not the legal equivalent of a final judgment, because it was not appealable.[18] And, again, an order that is not a final judgment, and is thus not appealable as of right, lacks the finality necessary to endow it with preclusive effect under the relitigation exception.

Anson and the district court also characterized the transfer order as an effective denial of HSS's motion for a preliminary injunction.  Thus, reasoned the district court, the transfer order was sufficiently final for the purposes of the relitigation exception because it was immediately appealable under § 1291.  As noted, however, interlocutory appeals of transfer orders are generally not immediately appealable.

The sole exception to this general rule is a narrow one, applicable only in cases in which a motion for injunctive relief is pending.  In such an instance, a party may appeal a transfer order despite the district court's failure to consider directly the merits

---

on what the earlier federal court <u>actually said</u>, not on the court's <u>post hoc</u> judgment as to what the previous judgment was intended to say.") (emphasis in original).

[18]<u>In re Lieb</u>, 915 F.2d 180, 184 (5th Cir. 1990) (noting that a transfer order is not a final judgment and is not immediately appealable).

8

of a pending motion for injunctive relief only when the merits of the venue determination are inseparable from the merits of the motion for injunctive relief.[19] For example, if the requested injunction is to prevent the opposing party from litigating in a particular forum, an order transferring the action to that forum is immediately appealable because it has the effect of denying the injunction.[20] In contrast, if the motion for injunctive relief addresses anti-competitive practices, a district court's order transferring the action is not immediately appealable because the transfer order does not affect the substantive relief sought in the injunction.[21] Thus, "the motion for injunction and the order to transfer [must be] inextricably bound up with each other" to permit interlocutory appeal.[22]

_____

[19]Midwest Motor Express, Inc. v. Cent. States Southeast, 70 F.3d 1014, 1016(8th Cir. 1995). Cf. Jones v. Diamond, 519 F.2d 1090, 1095 (5th Cir. 1975) (explaining that interlocutory appeal of a denial of class certification is permissible only when it effectively denies the injunction).

[20]Midwest Motor Express, 70 F.3d at 1016 (asserting jurisdiction over an appeal of an order transferring an action in a case with a pending motion for a preliminary injunction because "the injunction would have prevented [the defendant] from proceeding in the Northern District of Illinois, and the [transfer] order in fact sent the case to that district").

[21]Ukiah Adventist Hosp. v. F.T.C., 981 F.2d 543, 548 (D.C. Cir. 1992) (no appellate review of transfer order when motion for injunctive relief was under section 6 of the Clayton Act).

[22]Id. Cf. Jones v. InfoCure Corp., 310 F.3d 529, 537 (7th Cir. 2002) (declining to assert pendent appellate jurisdiction to review a transfer order because "the preliminary injunction is not sufficiently closely related to the transfer order to warrant the exercise of pendent appellate jurisdiction... The two issues

In its claim for injunctive relief in the initial litigation, HSS requested that the district court enjoin Anson from terminating distributorship of Anson products or refusing to renew it (acts that would substantially change the competitive circumstances material to HSS's distributorship) or from taking any action to destroy or diminish the value of HSS's distributorship. The district court's order transferring the action to the Southern District of Texas only identified the proper forum; it did not have the effect of denying HSS's motion for injunctive relief, much less expressly do so. Thus, HSS's motion for preliminary injunctive relief was completely separate from the transfer order.[23] Consequently, the transfer order was not appealable under § 1291, and the relitigation exception does not apply on this ground.

Anson also insists that the injunction was proper because this circuit has affirmed injunctions under the relitigation exception in other cases in which the dismissal was "without prejudice." This argument misses the mark for two reasons.

First and foremost, in none of the cases on which Anson relies were the dismissals voluntary dismissals under Rule 41(a)(1). As we have explained, to apply preclusive effect to anything that

_____

can be resolved without reference to each other."

[23]Ukiah, 981 F.2d at 548 ("[T]he transfer order reflects nothing more than an identification of the proper court... to hear the claim for injunctive relief. The claim for injunctive relief, however, implicates the scope of section 7 of the Clayton Act. These two questions are wholly unrelated... [and] no appeal lies from the District Court's order transferring this case.").

precedes a Rule 41(a)(1) dismissal would deny the plaintiff's absolute right under the rule to a dismissal that puts him in the same legal position he would have been in had he never filed the suit.

Second, the cases are critically distinguishable. At least, in this circuit, the availability of appellate review is "a significant factor in determining whether an otherwise nonfinal order should be given preclusive effect."[24] Significantly, the cases relied on by Anson include <u>court-ordered dismissals</u> for lack of personal jurisdiction, improper venue, or forum non conveniens.[25] Although these dismissals were without prejudice, they <u>were</u> subject to appellate review. Thus, Anson's reliance on them is misplaced.

### III. CONCLUSION

As the relitigation exception to the Anti-Injunction Act does not apply, the district court erred in granting Anson's motion for an injunction. Accordingly, the injunction is

VACATED.

---

[24]<u>J.R. Clearwater</u>, 93 F.3d at 179 n.2.

[25]<u>See, e.g.</u> <u>Vasquez v. Bridgestone/Firestone, Inc.</u>, 325 F.3d 665 (5th Cir. 2003) (dismissal on grounds of forum non conveniens); <u>Great Earth Cos., Inc. v. Simons</u>, 288 F.3d 878 (6th Cir. 2002) (dismissal to enforce arbitration clause); <u>Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.</u>, 114 F.3d 848 (9th Cir. 1997) (dismissal to enforce forum selection clause); <u>Quintero v. Klaveness Ship Lines</u>, 914 F.2d 717 (5th Cir. 1990) (dismissal on grounds of forum non conveniens); <u>Carey v. Sub Sea Int'l, Inc.</u>, 121 F.Supp.2d 1071 (E.D. Tex. 2000) (dismissal for lack of personal jurisdiction and on grounds of forum non conveniens).

11