Susan DAVIDSON, On Her Own Behalf and on Behalf of Others Similarly Situated, Bonnie R. Brown, On Her Own Behalf and on Behalf of Others Similarly Situated, and Karrie Balwochus, On Her Own Behalf and on Behalf of Others Similarly Situated, Plaintiffs,

v.

RGIS INVENTORY SPECIALISTS, Defendant.

Civil Action No. 1:06–CV–681.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 23, 2007.

Camilla L. Roberson and Todd Schneider of Schneider & Wallace, San Francisco, CA, Peter Brian Schneider, Garland Keith Grady, and William T. Jones, Jr. of Grady Schneider Newman LLP, Houston, TX, for Plaintiff.

Larry James Simmons, Jr., of Germer Gertz, Beaumont, Beaumont, TX, Cheryl D. Orr of Drinker Biddle & Reath LLP, San Francisco, CA, for Defendant.

## MEMORANDUM AND ORDER

MARCIA A. CRONE, District Judge.

Pending before the court is Defendant RGIS Inventory Specialists's ("RGIS") Motion to Dismiss Action Pursuant to FRCP 12(b)(6)(# 5) for failure to state a claim upon which relief can be granted. RGIS seeks dismissal of Plaintiffs Susan Davidson, Bonnie R. Brown, and Karrie Balwochus's (collectively, "Plaintiffs") claims against RGIS for purported violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that dismissal is not warranted.

### I. *Background*

On November 2, 2006, Plaintiffs, individually and on behalf of others similarly situated, filed this lawsuit pursuant to the FLSA's collective action provision to recover unpaid overtime and minimum wages from RGIS. *See* 29 U.S.C. § 216(b). Specifically, Plaintiffs allege that RGIS has engaged, and continues to engage, in a willful policy, pattern, or practice of denying its non-exempt, hourly employees, employed as "auditors" and/or "team leaders," overtime compensation and minimum wages for all hours worked.

Prior to the commencement of Plaintiffs' lawsuit, a similar action against RGIS was filed on June 7, 2005, which is currently pending before this court. In *Johnson v. RGIS Inventory Specialists,* No. 1:05–CV–389, Plaintiff Joél Johnson ("Johnson"), on her own behalf and on behalf of others similarly situated, claims that RGIS failed to pay overtime and minimum wages to its non-exempt, hourly employees working as auditors. Johnson requested that the court conditionally certify a nationwide class of RGIS employees, specifically, all current and former auditors employed by RGIS after June 7, 2002. Although the court permitted conditional class certification on June 27, 2006, the class was limited to non-exempt, hourly auditors working within District 166 in Beaumont, Texas, during the three-year period prior to the filing of Johnson's lawsuit. The opt-in period for putative class members expired on October 20, 2006, and RGIS filed a motion seeking decertification of the class on January 12, 2007.

In the case at bar, RGIS filed its motion to dismiss on January 4, 2007, arguing that Plaintiffs fail to state a claim upon which relief can be granted. RGIS contends that the instant case is an improper attempt by Plaintiffs and their attorneys to avoid adverse rulings and strategic mistakes made by counsel in *Johnson.* In particular, RGIS asserts that Plaintiffs' claims are barred by collateral estoppel because the matters raised in their complaint have already been litigated in *Johnson.*

Plaintiffs respond that they have set forth claims upon which relief can be granted and that RGIS has failed to meet its burden of showing otherwise. Additionally, they contend that collateral estoppel is inapplicable to the instant case because none of the issues presented in this

lawsuit have been fully and fairly litigated in any other action. They also assert that RGIS's collateral estoppel argument is moot, as Plaintiffs filed their First Amended Complaint on January 12, 2007, which states that they are proceeding solely on behalf of auditors and team leaders employed within District 187, rather than a nationwide class. In response, RGIS maintains that Plaintiffs have not successfully amended their Original Complaint because they did not first obtain leave from the court.

## II. *Analysis*

### A. *Amendment of Original Complaint*

Rule 15(a) of the Federal Rules of Civil Procedure provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

FED.R.CIV.P. 15(a). RGIS contends that its motion to dismiss qualifies as a "responsive pleading" within the meaning Rule 15(a), thus requiring Plaintiffs to obtain leave from the court before amending their Original Complaint. Such an interpretation, however, is squarely contradicted by controlling case law from the United States Court of Appeals for the Fifth Circuit.

 The Fifth Circuit has consistently held that "a motion to dismiss is not a 'pleading' for the purposes of Rule 15(a)." *Albany Ins. Co. v. Almacenadora Somex, S.A.,* 5 F.3d 907, 911 (5th Cir.1993); *accord McKinney v. Irving Indep. Sch. Dist.,* 309 F.3d 308, 315 (5th Cir.2002), *cert. denied,* 537 U.S. 1194, 123 S.Ct. 1332, 154 L.Ed.2d 1030 (2003); *Barksdale v. King,* 699 F.2d 744, 747 (5th Cir.1983); *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir.1979);

*McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870, 872 n. 2 (5th Cir.1976), *vacated in part on other grounds,* 545 F.2d 919 (5th Cir.1977). Rather, the following documents are considered "pleadings" under the rule: " 'a complaint, an answer, a reply to a counter-claim, an answer to a cross-claim, a third-party complaint, a third-party answer, and, pursuant to court order, a reply to an answer or third-party answer.' " *Albany Ins. Co.,* 5 F.3d at 910 (quoting 6 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1475 (1990)). Therefore, the filing of a motion to dismiss "does not extinguish a party's right to amend as a matter of course." *McKinney,* 309 F.3d at 315 (citing *McLellan,* 526 F.2d at 872 n. 2). Because RGIS has not filed a responsive pleading within the meaning of Rule 15(a), Plaintiffs did not need to obtain permission from the court to amend their complaint. Accordingly, Plaintiffs' First Amended Complaint is properly before the court.

### B. *Collateral Estoppel*

 Under the principles of collateral estoppel, when an issue of ultimate fact has been determined by a final and valid judgment, that issue cannot be litigated in a future lawsuit. *San Remo Hotel, L.P. v. City & County of San Francisco,* 545 U.S. 323, 336 n. 16, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005); *New Hampshire v. Maine,* 532 U.S. 742, 748–49, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *Vines v. University of La. at Monroe,* 398 F.3d 700, 705 (5th Cir.2005), *cert. denied,* 546 U.S. 1089, 126 S.Ct. 1019, 163 L.Ed.2d 852 (2006) (citing *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). Collateral estoppel " 'is limited to matters distinctly put in issue, litigated, and determined in the former action.' " *Brister v. A.W.I., Inc.,* 946 F.2d 350, 354 (5th Cir. 1991) (quoting *Diplomat Elec., Inc. v.*

*Westinghouse Elec. Supply Co.,* 430 F.2d 38, 45 (5th Cir.1970)); *accord Next Level Commc'ns LP v. DSC Commc'ns Corp.,* 179 F.3d 244, 250 (5th Cir.1999). Thus, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)); *accord San Remo Hotel, L.P.,* 545 U.S. at 336 n. 16, 125 S.Ct. 2491.

■ "A judgment is preclusive in federal court if: (1) the prior federal decision resulted in a judgment on the merits; (2) the same fact issue was litigated in that court; and (3) the issue's disposition was necessary to the prior action's outcome." *Financial Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 284 (5th Cir.2006) (citing *American Home Assurance Co. v. Chevron, USA, Inc.,* 400 F.3d 265, 272 (5th Cir.2005)). Additionally, there must not be any special circumstances that render the application of collateral estoppel unfair. *Id.* (citing *Winters v. Diamond Shamrock Chem. Co.,* 149 F.3d 387, 391 (5th Cir. 1998), *cert. denied,* 526 U.S. 1034, 119 S.Ct. 1286, 143 L.Ed.2d 378 (1999)). Finally, the facts and the legal standard used to assess those facts must be the same in both proceedings. *Id.*; *Next Level Commc'ns LP,* 179 F.3d at 250; *RecoverEdge L.P. v. Pentecost,* 44 F.3d 1284, 1291 (5th Cir.1995). Nevertheless, the "actual claims and the subject matter of each suit may differ." *Next Level Commc'ns LP,* 179 F.3d at 250 (citing *RecoverEdge L.P.,* 44 F.3d at 1291).

■ In the case at bar, RGIS asserts that collateral estoppel precludes relitigation of an essential issue in Plaintiffs'

case—class certification—thus preventing Plaintiffs from stating a claim upon which relief can be granted.[1] RGIS's argument is without merit. At the outset, RGIS's concern about relitigation of national class certification is moot in light of Plaintiffs' First Amended Complaint, which clarifies that national class certification is not being sought. Furthermore, the requirements of collateral estoppel have not been satisfied. Specifically, the issues presented in *Johnson* have not resulted in a final judgment on the merits.

■ Finality is an essential component of collateral estoppel. *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.,* 434 F.3d 320, 323 (5th Cir.2005); *Baros v. Texas Mexican Ry. Co.,* 400 F.3d 228, 233 (5th Cir.2005); *J.R. Clearwater Inc. v. Ashland Chem. Co.,* 93 F.3d 176, 179 (5th Cir.1996) (citing *Avondale Shipyards, Inc. v. Insured Lloyd's,* 786 F.2d 1265, 1269 (5th Cir.1986)). "As a threshold matter, an order conditionally certifying a class and authorizing notice [under the FLSA] is not a final decision, terminating the litigation and allowing appeal under [28 U.S.C.] § 1291." *Baldridge v. SBC Commc'ns, Inc.,* 404 F.3d 930, 931 (5th Cir.2005); *see Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 549 (6th Cir. 2006). Indeed, in the similar context of class actions brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Fifth Circuit has expressly held that an order denying class certification "lacks sufficient finality to be entitled to preclusive effect while the underlying litigation remains pending." *J.R. Clearwater Inc.,* 93 F.3d at 179.

Nevertheless, RGIS contends that something less than the finality required for appellate review under § 1291 is sufficient for issue preclusion. Such a proposition,

---

1. RGIS does not assert that the doctrine of *res* *judicata* bars Plaintiffs' action in its entirety.

however, has been rejected by the Fifth Circuit, which specifically "declined to adopt this more flexible notion of finality." *Id.* at 179 n. 2 (citing *Avondale Shipyards, Inc.,* 786 F.2d at 1269–71); *see Continental Airlines, Inc. v. American Airlines, Inc.,* 824 F.Supp. 689, 707 (S.D.Tex.1993). Rather, the court has "treated finality and the concomitant availability of judicial review as an essential predicate to issue preclusion." *Baros,* 400 F.3d at 233; *see Harvey Specialty & Supply, Inc.,* 434 F.3d at 324 n. 9; *Winters,* 149 F.3d at 395; *J.R. Clearwater Inc.,* 93 F.3d at 179 n. 2; *Avondale Shipyards, Inc.,* 786 F.2d at 1270. Hence, RGIS's interpretation of finality for purposes of collateral estoppel is unfounded.

Here, the *Johnson* action is currently pending, and the court's order on conditional class certification is not an appealable, final judgment. *See Baldridge,* 404 F.3d at 931. Accordingly, the order is not entitled to preclusive effect in Plaintiffs' case. *See Harvey Specialty & Supply, Inc.,* 434 F.3d at 324 n. 9; *J.R. Clearwater Inc.,* 93 F.3d at 179 n. 2; *see also Baros,* 400 F.3d at 233. Because at least one of the prerequisites of collateral estoppel is not satisfied, the doctrine does not foreclose adjudication of the claims asserted in the case at bar.

### C. *Dismissal for Failure to State a Claim under Rule 12(b)(6)*

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001), *cert. denied,* 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002). It is not a procedure for resolving contests about the facts or the merits of a case.

*See* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, *supra,* § 1356, at 294. In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir.2004); *Ramming,* 281 F.3d at 161; *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000).

" 'A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." ' " *Gregson v. Zurich Am. Ins. Co.,* 322 F.3d 883, 885 (5th Cir. 2003) (quoting *Collins,* 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983))); *accord Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997). " 'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *accord Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Lovick,* 378 F.3d at 437; *Ramming,* 281 F.3d at 161; *Collins,* 224 F.3d at 498. "In other words, a motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.' " *Ramming,* 281 F.3d at 161–62 (quoting *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992)). Hence, "when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint

to determine whether the allegations provide relief on any possible theory." *Id.* (citing *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.), *cert. denied,* 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994)).

In the instant case, RGIS fails to challenge the formal sufficiency of Plaintiffs' claims but instead relies on its argument that collateral estoppel bars litigation of the matters alleged. As discussed above, however, collateral estoppel is inapplicable to this case because there is no final judgment to be accorded preclusive effect. In any event, a review of the amended complaint reveals that Plaintiffs allege sufficient facts to survive a motion to dismiss on their claims against RGIS for purported violations of the FLSA. *See Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. 992; *Conley,* 355 U.S. at 47, 78 S.Ct. 99. At this juncture, the court cannot conclude that Plaintiffs can prove no set of facts consistent with their allegations that would entitle them to relief. *See Swierkiewicz,* 534 U.S. at 514, 122 S.Ct. 992; *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229; *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99; *Lovick,* 378 F.3d at 437; *Ramming,* 281 F.3d at 161; *Collins,* 224 F.3d at 498. Accordingly, dismissal of Plaintiffs' claims is not warranted.

III. *Conclusion*

Plaintiffs have alleged sufficient facts in their First Amended Complaint to state a claim upon which relief can be granted. Furthermore, the doctrine of collateral estoppel does not preclude litigation of the claims presented in the case at bar. Accordingly, RGIS's motion to dismiss is DENIED.